**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ALVIN L. THOMPSON,** | § | |
| **(BOP No. 11274-078),** | § | |
| **Plaintiff,** | § | |
| **V.** | § | **CIVIL ACTION No. 4:19-CV-017-P** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court for review of pro-se inmate/plaintiff Alvin L. Thompson's ("Thompson") claims under the Federal Tort Claims Act (FTCA) against the United States of America (USA). Now pending is the motion for summary judgment of defendant USA, along with a brief in support and an appendix. USA Mot. for Summ J, ECF No. 25; USA Brief, ECF No. 26; USA App., ECF No. 28. Plaintiff has not filed any response to the summary judgment motion. After review and consideration of the summary judgment motion, supporting documents, the record, and the applicable law, the Court concludes that the USA is entitled to summary judgment.

## PROCEDURAL HISTORY and BACKGROUND

Plaintiff Thompson appears to now be an inmate at the Bureau of Prisons' ("BOP") FTC-Oklahoma City facility,[1] but was housed at FMC-Fort Worth, in Fort Worth, Texas at

---

[1] See www.bop.gov (inmate Alvin Lee Thompson, Register Number 11274-078) last visited April 21, 2020. Thompson has apparently not updated his address of record which shows an address at FCI-Texarkana. The clerk of Court is directed to send this Order and the accompanying judgment to Thompson at both the address of record and at FTC-Oklahoma City.

the time he filed this suit. Complaint 1, ECF No. 1. Thompson complains and alleges that the BOP medical staff committed medical negligence by not providing proper medical treatment for a previously implanted hernia mesh system and ongoing hernia pain. Complaint 3-5, Exhibit A, ECF No. 1.

Thompson's factual allegations begin with informing the Court that in 2012, several years prior to his incarceration, he underwent hernia repair surgery to include an implant of a mesh device labeled an "Ethicon Prolene Hernia System." Complaint 3, ECF No. 1. Thompson contends that device has since been recalled by the manufacturer.  He complains that while in the Gregg County Jail in the custody of the U.S. Marshal, he suffered serious pain  at the surgery site, and although he was examined by a jail doctor several times, there was no resolution of his pain. *Id.*

When Thompson was transferred to FCI-Beaumont, he complains that although he informed the medical staff of pain at the surgery site, they would not treat him. Instead, Thompson claims they told him to go to the commissary and purchase over-the-counter medication for his pain. *Id.*

In January 2018, Thompson was transferred into FMC-Fort Worth, where he once again complained of the ongoing pain at the hernia surgery site, but reports that he was told by medical providers that the BOP does not address such issues. *Id.*  Thompson complains that no tests have been provided, and that no medications have been ordered for his pain. *Id.* He informs that nothing has been done to determine if the medical mesh has failed. *Id.* at 4.

Thompson writes that the negligence on the part of the medical care providers has

resulted in him continuing to suffer severe pain, which affects his ability to sleep and his daily activities and quality of life. *Id.* He also alleges that he has been forced to suffer in severe pain on a daily basis for over two years, with nothing being done. *Id.*

## SUMMARY JUDGMENT EVIDENCE

As noted, the USA filed an appendix in support of the motion for summary judgment that includes a total of 128 pages of records. ECF Nos. 28-1 through 28-6. In particular, the appendix includes the September 4, 2019 Declaration of United States Marshal Service (USMS) Medical Director Captain Steven S. Wolf with 49 pages of copies of Thompson's detention records and medical records (ECF No. 28-2, 1-49); the July 25, 2019 Declaration of USMS General Counsel Gerald Auerbach (ECF No. 28-3); the September 6, 2019 Declaration of FMC-Fort Worth medical records technician Barry Heller with 37 pages of additional copies of Thompson's medical records (ECF No. 28-4, 1-37); the September 13, 2019 Declaration of U.S. Department of Justice Paralegal Specialist Autumn Norris with 4 pages of copies of Thompson's administrative tort claim records (ECF No. 28-5, 1-7); and the July 30, 2019 Reporter's Certification of the Deposition of Alvin Thompson along with copies of selected portions of the July 30, 2019 Thompson Deposition (ECF No. 28-6, 1-28).

Thompson declared his complaint in this matter to be "true and correct" and made "under penalty of perjury." Complaint 7, ECF No. 1. Under controlling circuit authority, this Court must consider the complaint as competent summary-judgment evidence in resolving the summary judgment motion. *See Barnes v. Johnson,* 204 F. App'x 377, 378 (5th Cir. 2006) (citing *King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994) (a plaintiff's verified complaint may

serve as competent summary judgment evidence);  *see also Hart v. Hairston*, 343 F.3d 762,

765 (5th Cir. 2003) (citing *Huckabay v. Moore,* 142 F.3d 233, 240 n. 6 (5th Cir. 1998); *see*

*generally Nissho-Iwai American Corp. v. Kline,* 845 F.2d 1300, 1306 (5th Cir. 1989) (noting

that the statutory exception in 28 U.S.C. § 1746 permits unsworn declarations to substitute

for an affidavit if made "under penalty of perjury" and verified as "true and correct").

The USA has presented a history related to what Thompson's medical records in the

USA Appendix reveal regarding the medical care provided to him during the relevant time

periods made the basis of the complaint, along with citations to portions of Thompson's own

deposition. USA Brief 5–9, ECF No. 26. Thompson has not filed any response to the summary

judgment motion, and thus he has not come forward with any evidence to contest defendant

USA's summary judgment motion. As explained in the analysis section below, because

Thompson's medical care claims for relief under the FTCA can be resolved on a legal ground,

the Court will not include a restatement of a factual chronology as set forth in the records

provided by the USA, but will consider citations to portions of Thompson's own deposition

testimony.

## SUMMARY JUDGMENT STANDARD

When the record establishes "that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law," summary judgment is appropriate.

Fed. R. Civ. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to

merely formal, pretended, or a sham." *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir.

2001)(citation omitted).  A fact is "material" if it "might affect the outcome of the suit under

governing law."*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To demonstrate that a particular fact cannot be genuinely in dispute, a defendant movant must (a) cite to particular parts of materials in the record (e.g., affidavits, depositions, etc.), or (b) show either that (1) the plaintiff cannot produce admissible evidence to support that particular fact, or (2) if the plaintiff has cited any materials in response, show that those materials do not establish the presence of a genuine dispute as to that fact. Fed. R. Civ. P. 56(c)(1). Although the Court is required to consider only the cited materials, it may consider other materials in the record. *See* Fed. R. Civ. P. 56(c)(3). Nevertheless, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. . . ." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992). Instead, parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (other citation omitted)). In evaluating whether summary judgment is appropriate, the Court "views the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (citation omitted)(internal quotation marks omitted). "After the non-movant [here, Jenkins] has been given the opportunity to raise a  genuine factual [dispute], if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

-5-

## ANALYSIS

### A.    Expert Testimony Required to Support Medical Negligence Claims

Thompson alleges negligence under the FTCA on the part of the United States Marshal Service and on the part of BOP medical staff with FCI-Beaumont and at FMC-Fort Worth. Complaint 3-4, ECF No. 1. He alleges that the failure to provide proper medical treatment for the hernia mesh system previously implanted in him, and the failure to provide him adequate pain medication, amounted to a breach of the duty of care that proximately caused him to sustain damages compensable under the FTCA, 28 U.S.C. § 2674. *Id.* at 4–5.

The FTCA authorizes civil actions for damages against the United States for personal injury caused by the negligence of government employees when private individuals would be liable under the substantive law of the state in which the negligent acts occurred. *See* 28 U.S.C.A. § 1346(b)(1) (West 2019); 28 U.S.C.A. § 2674 (West 2019); *see also Quijano v. United States*, 325 F.3d 654, 567 (5th Cir. 2003). The FTCA essentially borrows from state law in that it allows the United States to be held liable for allegedly tortious conduct "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Accordingly, as all of Thompson's complaints of alleged medical negligence occurred at different facilities within Texas, Texas law applies to Thompson's FTCA claims. *See Ayers v. United States*, 750 F.2d 449, 452 n.1 (5th Cir. 1985) ("Under the [FTCA], liability for medical malpractice is controlled by state law.").

In Texas, "health care liability claims are subject to strict pleading and proof requirements." *N. Am. Specialty Ins. Co. v. Royal Surplus Lines Ins. Co.*, 541 F.3d 552, 561

(5th Cir. 2008) (citing Tex. Civ. Prac. & Rem. Code §§ 74.001–507).  Particular to the medical negligence context, under Texas law the plaintiff bears the burden of proving four elements: (1) a duty by the physician or hospital to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) a causal connection between the breach of care and the injury. *See Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008) (citing *Quijano*, 325 F.3d at 564-567); *see also Bryan v. Sherick*, 279 S.W. 3d 731, 732-33 (Tex. App.--Amarillo 2007, no pet); and *Denton Reg. Med. Ctr. v. LaCroix*, 947 S.W. 2d 941, 950 (Tex. App.-Fort Worth 1997, no writ). As a threshold issue, a plaintiff must establish the standard of care before the fact finder may consider whether the defendant breached the standard of care or if such a breach constituted negligence. *Hannah*, 523 F.3d at 601; *Denton Reg. Med. Ctr.*, 947 S.W.2d at 950.  A Plaintiff must therefore prove how a reasonably careful and prudent physician would have acted under the same or similar circumstances. *See Hood v. Phillips*, 554 S.W. 2d 160, 165-66 (Tex. 1977).  Texas law imposes a presumption that the health-care provider has discharged his duty of care. *Thomas v. Beckering*, 391 S.W. 2d 771, 775 (Tex. Civ. App.--Tyler 1965, writ ref'd n.r.e.); *Shevack v. United States*, 528 F. Supp. 427, 431 (N.D. Tex. 1981).  A physician is not a guarantor of a cure, and negligence is not imputed from an unsatisfactory outcome. *See Hunter v. Robison*, 488 S.W. 2d 555, 560 (Tex. Civ. App.--Dallas 1978, writ ref'd n.r.e.); *Beckering*, 391 S.W. 2d at 775. Defeating the presumption of proper care requires affirmative proof of negligence and proximate cause. *Williford v. Banowsky*, 563 S.W. 2d 702, 705 (Tex. Civ. App.--Eastland 1978, writ ref'd n.r.e.).

Expert testimony is required when the alleged negligence is "of such a nature as not to be within the experience of the layman." *FFE Transp. Serv., Inc. V. Fulgham*, 154 S.W.3d 84, 90 (Tex. 2004) (quoting *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982)) (other citations omitted). Particular to the medical context, expert testimony is required to establish the applicable standard of care "unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman . . .." *Hannah*, 523 F.3d at 601 (quoting *Hood*, 554 S.W.2d at 165-66). The Plaintiff must similarly offer expert testimony on the issue of causation. *See Jelinek v. Casas*, 328 S.W. 3d 526, 533 (Tex. 2010) ("[T]he plaintiff must establish two causal nexuses in order to be entitled to recovery: (a) a causal nexus between the defendant's conduct and the event sued upon; and (b) a causal nexus between the event sued upon and the plaintiff's injuries"); *see also Arlington Memorial Hosp. Found., Inc., v. Baird*, 991 S.W. 2d 918, 922 (Tex. App. Fort Worth 1999, pet. denied) (citation omitted). A plaintiff must establish causation beyond the point of conjecture, and proof of mere possibilities does not support submission of the issue to a fact finder. *Jelinek*, 328 S.W. 3d at 537. In this regard, "mere speculation or conjecture is not sufficient to establish [a] causal connection between a defendant's conduct and the plaintiff's injuries." *Martin v. Durden*, 965 S.W.2d 562, 567 (Tex. App.-Houston [14th Dist.] 1997 writ denied) (citation omitted). In sum, an expert must explain, to a reasonable degree of medical probability, how and why the alleged negligence caused the injury based on the facts presented. *Jelinek*, 328 S.W. 3d at 539-40.

In short, subject to the narrow exception for matters of common knowledge, a plaintiff

must produce expert testimony to meet his burden of proof on a malpractice claim under Texas law. *See Hannah*, 523 F.3d at 601. Thompson must show, with expert medical testimony, that the United States undertook a mode of treatment which a reasonable and prudent member of the medical profession would not have undertaken under the same or similar circumstances. *See Hood*, 554 S.W.2d at 165.

Here, medical expert testimony is essential because the treatment of Thompson's post-hernia condition is not a matter of common knowledge or within the experience of a layperson. *See Anderson v. United States*, 388 F. App'x 406, 407 (5th Cir. 2010) ("Because the mode of treatment for an inguinal hernia is not a matter of common knowledge or withing the general experience of a layman, [plaintiff] was required to present expert testimony to establish the applicable standard of care and to show how the care he received breached that standard"); *Morgan v. United States*, No. SA-17-CV-602-OLG, 2018 WL 5733191, at * 2-3 (W.D. Tex. Aug. 9, 2018) (finding that plaintiff's challenge to whether consent to hernia surgery with placement of a mesh in his abdomen that resulted in high levels of pain required expert testimony), *R and R adopted*, 2018 WL 5733164 (W.D. Tex. Sep. 5, 2018). Thompson testified that he does not know the cause of his pain, and thus effectively concedes that the cause of his pain is outside the province of lay testimony. Thompson Deposition, USA App., ECF No. 28-6, 15-18.

## B. Thompson has No Expert Testimony and thus, cannot Demonstrate that the United States was Negligent in Treating his Hernia.

In this case, Thompson has not shown—and cannot show—that the medical standard of care, and the issues of breach and causation regarding the treatment of the hernia condition detailed in his pleadings, are matters of common knowledge or within the general experience of a layperson, so as to excuse the requirement to provide evidence in the form of expert

testimony.

Moreover, there is no evidence, and certainly no expert testimony, that Thompson's pain was "severe" or caused "serious pain" as recited in his complaint. Complaint 4, ECF No. 1. Instead, the facts as alleged demonstrate that Thompson did not need prescription medication. Thompson failed to seek medical attention for pain for roughly four years between the 2012 surgery and 2016 incarceration. Thompson Deposition, USA App., ECF No. 28-6, 14. Thompson also fails to identify any debilitating effect from the pain other than at one point getting "some type" of pills and a numbing cream. *Id*. at 20-21. In addition, Thompson rejected a recommendation from a Dr. Ronaghan that he have a nerve/numbing shot procedure. *Id*. at 26.

Under these facts, Thompson has not presented any probative evidence, with expert testimony, that he suffered severe pain that was not adequately treated, that there was any breach of the applicable standard of care, and that such a breach proximately caused him injury. *See Jelinek*, 328 S.W.3d at 535 (lay testimony insufficient to establish hospital's negligence caused plaintiff additional pain and suffering); *Rose v. Roe*, No. 2:17-CV-204, 2018 WL 9880279, at *6 (E.D. Tenn. July 23, 2018) ("proving that pain medication was medically necessary would require expert testimony because proper pain treatment is not within the common knowledge of a layperson") (citation omitted); *Tex. Dep't of Transp. v. Banda*, No. 03-09-00724-CV, 2010 WL 5463857, at *5 (Tex. App.—Austin Dec. 22, 2010, pet. denied) (plaintiff's lay testimony could not establish the extent, severity, or duration of pain that would, with medical probability, continue long after plaintiff's initial treatment for

injuries from automobile accident).

## CONCLUSION

Because Thompson failed to designate an expert who would provide evidentiary support for his medical negligence claims, he is unable to establish the standard of care or breach of that standard regarding the treatment while he was housed in the custody of the U.S. Marshal's Service and while housed at FCI-Beaumont at FMC-Fort Worth for his particular hernia complications and resulting pain. *See generally Hannah*, 523 F.3d at 602 (affirming district court's summary judgment in favor of defendant where inmate plaintiff did not designate or hire an expert to testify regarding the applicable standard of care and how the care received breached that standard); *Hibbs v. United States*, No. 3:11-CV-2601-N-BH, 2013 WL 4434800, at *5 (N.D. Tex. Aug. 19, 2013) (granting summary judgment because inmate plaintiff did not designate an expert in medical malpractice claim). Thompson cannot defeat summary judgment "with conclusory allegations, unsubstantiated assertions or 'only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (citations omitted). As Thompson has failed to provide expert testimony regarding the elements of his tort claim, he cannot create a material fact issue on whether the medical providers breached a duty that proximately caused his medical related injuries. The USA is entitled to summary judgment on Plaintiff's claims for relief under the FTCA.

## ORDER

For the reasons discussed herein, it is **ORDERED** that the USA's motion for summary judgment (ECF No. 25) is **GRANTED,** such that all Alvin L. Thompson's claims against the United States of America are **DISMISSED WITH PREJUDICE.**

**SO ORDERED** on this **21st day** of **April, 2020**.


Mark T. Pittman
UNITED STATES DISTRICT JUDGE